# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**GARY LEON WEBSTER,**
**ADC #114018**                                                                                   **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-98-DPM-BD**

**DOE**                                                                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Webster may file written objections to this Recommendation if he disagrees with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Webster may waive the right to appeal questions of fact.

**II.   Discussion:**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints that seek relief against a governmental employee. 28 U.S.C. § 1915A(a). Before ordering service of process, the Court is obligated to dismiss claims that fail to state a claim for relief. 28 U.S.C. § 1915A(b). In screening Mr. Webster's complaint, the Court will assume the truth of all of his allegations.

Mr. Webster, an Arkansas Department of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) He alleges that an unidentified bookkeeper for the Crittenden County Detention Facility (CCDF) falsely stated in a hearing that Mr. Webster had not paid the CCDF "any amount whatsoever." He states that the bookkeeper's statement was untrue and that the bookkeeper violated his due process rights by making this false statement. For relief, Mr. Webster asks the court: to order him released from custody: to award him compensatory and punitive damages; and to "investigate, discipline, and punish the violator [Doe Defendant]." (#1)

To state a due process claim, Mr. Webster would have to allege facts that, if true, "demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, Mr. Webster's allegations, even if true, do not evidence conduct that would trigger the protection of the Due Process Clause. He has not alleged facts to support a claim that the Doe Defendant violated any of his federally protected rights. *See* 42 U.S.C. § 1983; *Gatlin ex rel Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a § 1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

### III. Conclusion:

Mr. Webster's claims should be DISMISSED, without prejudice, and this dismissal should constitute a "strike" for purposes of 28 U.S.C. § 1915(g). In addition, the Court should certify that an *in forma pauperis* appeal would be frivolous and would not be taken in good faith.

DATED, this 30th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE